

O'HAGAN MEYER

ATTORNEYS ▲ ADVISORS

Ryan T. Benson
312.422.6100 - Office
312.422.6110 Facsimile
rbenson@ohaganmeyer.com

June 15, 2026

Judge Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007



Re:     *Butler v. John Fluevog Shoes, Ltd.*
        Case No. 1:26-cv-01421
        Letter Motion for Leave to File Motion to Dismiss

Dear Judge Failla:

I represent Defendant, John Fluevog Shoes, Ltd., in the above-referenced action. I write respectfully, pursuant to Your Honor's Individual Practice Rule[s] 4 (a) to request leave to file a Motion to Dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(1). We submit that dismissal is appropriate for the following reasons:

## I.      Background

Plaintiff brings this action against Defendant, asserting that Defendant's website was not equally accessible to blind and visually-impaired consumers in violation of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et seq.*, the New York State Human Rights Law ("NYSHRL"), and the New York City State Human Rights Law ("NYCHRL").

Plaintiff alleges that on October 30, 2025 and November 5, 2025, he visited the website and sought to buy the Caravaggio- Green/Floral Double T-Strap Heels with bows for his wife and the Bennet men's shoe for himself from the Defendant" and "encountered barriers that denied rendered him unable to meaningfully access the product information, select available options, or add items to his cart, preventing him from completing the intended purchases." *See* DE 1 ¶¶ 5, 25. Plaintiff alleges he was unable to "complete intended purchases of specific products due to documented accessibility barriers – and faces a real and immediate threat of future harm, given his stated intent to return once the website is accessible and the continuing presence of site-wide accessibility and quality issues." *Id.* at ¶ 32. Plaintiff also alleges that he has "intent to return once the website is accessible and the continuing presence of site-wide accessibility and quality issues"

**One East Wacker Drive  |  Suite 3400  |  Chicago, Illinois  60601  |  www.ohaganmeyer.com**

**Chicago • Los Angeles • Washington D.C. • Philadelphia • Wilmington, DE • Richmond, VA • Alexandria, VA**

Judge Katherine Polk Failla
June 15, 2026
Page 2

*Id.* at ¶ 32. As set forth below, Plaintiff's allegations fail to plausibly allege an intent to return. Moreover, Plaintiff's claims are moot as the website is currently accessible to screen readers. Accordingly, Defendant respectfully requests a briefing schedule to be set by the Court.

**II.     The Complaint Should Be Dismissed Pursuant to Fed R. Civ. P. Rule 12(b)(1) Because Plaintiff Lacks Standing.**

It is a fundamental legal principle that under Article III of the United States Constitution, federal courts' jurisdiction is limited to "Cases" and "Controversies." *Clapper v. Amnesty Int'l/USA*, 568 U.S. 398, 408 (2013). An essential element of the case-or-controversy requirement is that a plaintiff must establish that he has standing to sue. *Id.* To establish standing, a plaintiff must show he is suffering or has suffered an "injury-in-fact," that is a "concrete, particularized, and actual or imminent" invasion of her personal interests, fairly traceable to the challenged action, and which would be resolved by a judgment in her favor. *Id.* at 409; *Calcano v. Swarovski North America, Ltd*, 36 F.4th 68, 74 (2d Cir. 2022). An "imminent" injury must be "certainly impending" to constitute an injury in fact; allegations of a possible future injury are insufficient. *See Clapper*, 568 U.S. at 409. Further, a party may not establish an "injury-in-fact" by simply alleging a violation of a statute "divorced from any concrete harm;" the party must demonstrate an actual, concrete injury. *Spokeo v. Robins*, 578 U.S. 330, 341 (2016).

Here, this lawsuit fails under Fed. R. Civ. P. 12(b)(1) because Plaintiff cannot show an "injury in fact." His allegation that he "intends" to revisit the website in the future is insufficient to show that he faced a "material risk of future harm" that is "sufficiently imminent and substantial to sue under Title III of the ADA." *See Calcano*, 36 F.4th at 75 (holding, in a case involving the availability of braille gift cards at the defendants' stores, that "[t]he central inquiry is not whether a complaint pleads the magic words that a plaintiff intends to return, but if, examined under the totality of all relevant facts, the plaintiff plausibly alleges a real and immediate threat of future injury"); *see also Thorne v. Cap. Music Gear, LLC*, 23-CV-776, 2024 U.S. Dist. LEXIS 67366 at *13-14 (S.D.N.Y. April 12, 2024) (holding that the plaintiff's allegations that he visited the website on "several separate occasions," the plaintiff copying text from the website as to why he was interested in the defendant's products, and that the plaintiff "intends to immediately revisit the [w]ebsite to purchase drumsticks from Defendant[…] as soon as the access barriers are removed" are merely "formulaic recitation[s] of the required standing element without additional explanation" of the type that were "held insufficient in *Calcano*" and "are not enough to support his intent to return" to the website).

Indeed, here, Plaintiff must allege that Defendant violated a law, that he suffered a concrete harm as a result of Defendant's alleged violation of the law, and that a ruling in his favor would redress this alleged harm. Plaintiff has not met this burden because, whether visually impaired or not, he has not plausibly alleged a real and immediate threat of future injury and thus has not established standing as required by the Second Circuit.

**III.    Plaintiff's Claims are Moot Because Plaintiff Can Purchase the Product at Issue.**

Judge Katherine Polk Failla
June 15, 2026
Page 2

"An actual controversy must be extant at all stages of review, not merely at the time that the complaint is filed." *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528 (2013). Further, "the mootness doctrine is derived from the constitutional requirement that federal courts may only decide live cases or controversies." *Yandow v. Krenau,* 474 Fed. App'x. 797, 799 (2d Cir. 2012) (quoting *Irish Lesbian & Gay Org. v. Giuliani*, 143 F.3d 638, 647 (2d Cir. 1998). However, there is an exception to the application of mootness. Specifically, "[a] request for injunctive relief such that sought by a Plaintiff under the ADA, will only be deemed moot by a defendant's voluntary compliance with the statute if it the defendant meets the 'formidable burden' of demonstrating that it is 'absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.'" *Guglielmo v. Nebraska Furniture Mart, Inc.*, No. 19 Civ. 11197 (KPF), 2020 WL 7480619, at *4 (S.D.N.Y. Dec. 18, 2020). "More specifically, '[t]he voluntary cessation of allegedly illegal activity may render a case moot 'if the defendant can demonstrate that [i] there is no reasonable expectation that the alleged violation will recur and [ii] interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.'" *Id.* citing *Clear Channel Outdoor, Inc. v. City of New York*, 594 F.3d 94, 110 (quoting *Campbell v. Greisberger*, 80 F.3d 703, 706 (2d Cir. 1996)).

Plaintiff's claims are moot because Defendant, through its Motion to Dismiss, will be able to show that the website is currently accessible via the use of a screen reader via video evidence and affidavit of a totally blind screen reader.

### IV.    Plaintiff's Claims Under the NYSHRL and NYCHRL Should Be Dismissed.

Pursuant to Your Honor's Individual Practices, I state that counsel for Defendant conferred with counsel for Plaintiff in a good-faith effort to resolve the issues raised by this anticipated motion on June 15, 2026.

For these reasons, Defendant respectfully requests a briefing schedule for its anticipated Motion to Dismiss. Thank you for your time and attention to this matter.

We thank the Court for its attention to this matter and are available for a pre-motion conference at the Court's convenience.

Respectfully submitted:

*/s/ Ryan T. Benson*

RTB:nm
cc:    All Attorneys of Record (*via* ECF)

The Court has received Defendant's above-request for a pre-motion conference, and the Court also observes that Defendant has filed its motion to dismiss and supporting papers at the same time without first obtaining the Court's leave.  Accordingly, the motion is DENIED without prejudice for its renewal once Defendant follows the proper procedure outlined in the Court's Individual Rules of Practice in Civil Cases.

In light of Defendant's above-request, the initial pre-trial conference scheduled for **July 10, 2026,** at **2:00 p.m.,** is hereby converted to a pre-motion conference to address the issues raised by Defendant.  As before, the conference will be telephonic.  The dial-in information is as follows:  At the scheduled time, the parties shall call (855) 244-8681 and enter access code 2315 780 7370.  Plaintiff is directed to respond to Defendant's pre-motion conference request on or before **June 18, 2026.**

The Clerk of Court is directed to terminate the pending motions at docket entries 14 and 16.

Dated:     June 16, 2026          SO ORDERED.
           New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE